IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| Robert Pitts, #287033, | ) | |
|---|---|---|
| | ) | Civil Action No. 5:12-950-RBH-KDW |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden, McCormick Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

Petitioner, Robert Pitts ("Petitioner" or "Pitts"), a state prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 16, 17. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 18. Petitioner filed a response in opposition to Respondent's motion on July 26, 2012. ECF No. 20. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 16, be granted.

I. Factual Background

Petitioner was indicted for murder by the Aiken County Grand Jury during the August 2005 term of court. App. 5.[1] On September 10, 2007, Petitioner entered an *Alford*[2] plea to

---

[1] Citations to "App." refer to the Appendix as to Petitioner's claim for collateral relief in the state courts of South Carolina, which is available at ECF No. 17-1 in this habeas matter. Page number references are to the pages as numbered in the Appendix.

[2] *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

1

voluntary manslaughter before the Honorable J. Michelle Childs in Aiken, South Carolina. App. 6. Attorney Wallis Alves represented Petitioner, and Assistant Solicitor J. Williams Weeks appeared on behalf of the State. App. 1. Pursuant to a negotiated sentence, Petitioner was sentenced to 30 years imprisonment. App. 29.

II. Procedural History

Petitioner timely filed and served a notice of appeal. ECF No. 17 at 2. Attorney Elizabeth A. Franklin, of the South Carolina Office of Appellate Defense, filed an *Anders*[3] brief on behalf of Petitioner arguing that "the trial judge commit[ed] error when she accepted [Petitioner's] plea under *North Carolina v. Alford* when the State did not have 'strong evidence' against [Petitioner]." ECF No. 17-2. Petitioner did not submit a pro se brief in support of his appeal. On December 15, 2008, the South Carolina Court of Appeals dismissed Petitioner's appeal, and pursuant to *Anders*, granted appellate counsel's petition to be relieved. ECF No. 17-4. A remittitur was issued on December 31, 2008. ECF No. 17-5. Petitioner did not seek discretionary review to the South Carolina Supreme Court.

On December 11, 2008, Petitioner filed an application seeking post-conviction relief ("PCR"). App. 31-37. In his application, Petitioner argued he was entitled to relief on the following grounds:

   (a) Involuntary Plea.
   (b) Ineffective Assistance of Plea Counsel.
   (c) Due Process of Law.

App. 33. In response, the State filed its Return on April 16, 2009, addressing the following arguments made by Petitioner in his PCR Application:

   1. Involuntary guilty plea.
   2. Ineffective assistance of counsel.
       a. "failed to investigate the documents that [were] for my defense."

---

[3] *See Anders v. California*, 386 U.S. 738 (1967).

  b. "failed to advise me of the nature and elements of the charge."
  c. "failed to defend my rights."
  d. "failed to advise me of all my rights or to take any of the actions that were necessary to protect or preserve them knowing I was not versed in the law."
  e. "never intended to offer any defense to the court on my behalf."
  f. "failed to oppose the prosecution's case with any adversarial litigation."
  g. "failed to be loyal and trustworthy a complete breach of trust."
 3. "Due process of law."
  a. "Plea counsel deprived me of due process."

App. 56. The State requested an evidentiary hearing on Petitioner's ineffective assistance of counsel and involuntary guilty plea claims. App. 55-60. On January 25, 2010, an evidentiary hearing was conducted in Aiken County before the Honorable W. Jeffrey Young. App. 77. At the hearing Petitioner was represented by Paul Timmerman, Esq., while the State was represented by Assistant Attorney General Mary S. Williams. *Id.* Petitioner and his former defense attorney, Wallis Alves, testified. App. 80-105. On March 18, 2010, the PCR court issued an order denying Petitioner relief and making the following findings of fact and conclusions of law:

> This Court has had the opportunity to review the record in its entirety and has heard the testimony at the post-conviction relief hearing. This Court has further had the opportunity to observe the witnesses presented at the hearing, closely pass upon their credibility and weigh their testimony accordingly. Set forth below are the relevant findings of facts and conclusions of law as required pursuant to S.C. Code Ann. §17-27-80.

> **Ineffective Assistance of Counsel**

> The Applicant alleges he received ineffective assistance of counsel. In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002) (citing Rule 71.1(e), SCRCP). Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692 (1984); Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985).

3

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Butler, Id. The Applicant must overcome this presumption to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).

First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Cherry, 300 S.C. at 117, 385 S.E.2d at 625 (citing Strickland, supra). Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial." Johnson v. State, 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997) (citing Strickland). With respect to guilty plea counsel, the Applicant must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed. 2d 203 (1985).

*Failure to Investigate*

Applicant testified that Counsel failed to investigate a fellow inmate, John Michaels ("Michaels"). Applicant testified that he introduced Counsel to Michaels during one of her visits to the jail, but he never heard anything more.

Counsel testified that she was assisted by an investigator in this case. Counsel recalled that Applicant had told her about a John Myers ("Myers"), not John Michaels, in 2005. Counsel stated that Myers had no information that would help Applicant. Counsel testified that the Applicant's wife was one of the main witnesses against Applicant. When the investigator spoke with her, Applicant's wife said that her statement was true and that she would testify at trial. Counsel recalled that Applicant and his wife had issues in their relationship, and Counsel stated she would have raised these issues had Applicant decided to go to trial. Counsel further testified that there was DNA evidence placing Applicant and possibly a third unknown individual with the victim. Counsel consulted a DNA expert as part of her investigation. Counsel further testified that it was difficult to find other individuals Applicant claimed to have been with on the night in question because they were drug users. Counsel testified that she reviewed all evidence with Applicant. Counsel stated that based on her investigation and review of the evidence, she felt that Applicant's chances were poor at trial.

I find counsel's testimony to be credible. Based on the foregoing, I find that Applicant has failed to demonstrate any deficient performance with regard to

4

counsel's investigation. I further find that Applicant has failed to demonstrate any prejudice in this regard. Applicant presented neither testimony from additional witnesses nor evidence which additional investigation could have yielded. See Moorehead v. State, 329 S.C. 329, 496 S.E.2d 415 (1998) (no prejudice where claim of failure to investigate is supported only by mere speculation as to the result).

*Misadvice about Future Trial*

Applicant testified that he entered his plea based on Counsel's advice that he would still be able to come back in one year for a trial if he pled guilty. Applicant stated that based on this advice, he pled guilty just to "buy time." Counsel flatly denied making any such statement to Applicant. Counsel recalled that she had asked the judge for time to talk further with her DNA expert prior to the case being called. Once she spoke with the DNA expert by telephone, Counsel saw no reason for a continuance and was ready to proceed with trial. There is no mention of any such claim in the plea transcript. I find Counsel's testimony to be credible and find the Applicant's testimony not credible. I therefore find no deficient performance in this regard.

*Parole Eligibility*

Applicant further asserts that he was not informed that he would have to serve 85% of his sentence before becoming eligible for parole. Applicant testified if he knew that he would have to serve at least 85% of the thirty (30) year sentence he would not have pled guilty because such a sentence was equivalent to a life sentence due to his heart trouble. Counsel testified that she made no promises to Applicant about parole.

During the plea colloquy, Counsel noted the plea agreement as follows:

> He's being offered 30 years on a manslaughter charge. And he and I agree that it's in his best interests to take it. If he should go to trial and lose, the minimum that he could get would be 30 years and that has to be served day for day and the maximum would be life in this situation that he's facing. 30 years. Even though he knows it's 85 percent, no parole, this is in his best interests.

(Tr. p. 14, lines 14-21.) Following this statement by Counsel, Applicant affirmed that he had discussed all of what Counsel had just indicated with Counsel. (Tr. p. 14, lines 22-25.) The judge further inquired of Applicant as follows:

> THE COURT: Ms. Alves has indicated to you that it's an offense for which you would not get paroled. Do you understand that?
> THE DEFENDANT: Yes, ma'am.

5

>
> THE COURT: And that you would have to serve 85 percent of your sentence.
> THE DEFENDANT: Yes, ma'am.
> THE COURT: And you still wish to plead, even understanding that?
> THE DEFENDANT: Yes, ma'am.

(Tr. p. 17, lines g-17.)

I find Counsel's testimony to be credible. Parole eligibility is a collateral consequence of which a defendant need not be informed. <u>Frasier v. State</u>, 351 S.C. 385, 570 S.E.2d 172 (2002). Therefore, Counsel's lack of advice in this regard is not a basis for relief. Moreover, I find that any misapprehension Applicant may have had regarding parole eligibility was cured by correct advice during the plea. <u>Wolfe v. State</u>, 326 S.C. 158, 485 S.E.2d 367 (1997).

### Other Allegations

No other allegations were raised at the PCR hearing. Therefore, any additional allegations are deemed waived because no evidence was presented.

### CONCLUSION

Based on the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this court to grant his application. Therefore, this application for post conviction relief must be denied and dismissed with prejudice.

App. 108-113.

Petitioner did not file a Rule 59(e), SCRCP, Motion to Alter or Amend. On June 23, 2010, Petitioner, represented by Attorney Elizabeth A. Franklin-Best of the South Carolina Commission on Indigent Defense, filed a petition for writ of certiorari. The sole issue presented was "[w]as trial counsel ineffective for failing to file a motion to reconsider petitioner's negotiated 30 year sentence when that sentence failed to take into account petitioner's significant mitigation?" ECF No. 17-6 at 3. Thereafter, the State filed its return to the petition for writ of certiorari arguing Petitioner's issue was procedurally barred, and even if the issue was preserved, it was without merit. ECF No. 17-7 at 6-7. On January 11, 2012, the South Carolina Supreme

Court denied the petition for writ of certiorari, ECF No. 17-8, and issued the remittitur on January 30, 2012, ECF No. 17-9.

   III. Discussion

      A.   Federal Habeas Issues

Petitioner raises the following grounds in his petition for a writ of habeas corpus, quoted verbatim:

> GROUND ONE: The trial judge erred when accepting plea under Alford when State did not have "strong evidence against defendant."
>
> Supporting facts: Before the court accepted the Alford plea, Assistant Solicitor expressed serious concerns over the quality of their evidence (Tr. Pg. 27, line 24 to pg. 28, line 9). With State's serious concerns over the quality of evidence, the State did not have "strong evidence," and the case is not applicable to or meet the standards of Alford.
>
> GROUND TWO: Trial counsel was ineffective for failing to file a motion to reconsider petitioner's negotiated 30 year sentence when that sentence failed to take into account petitioner's significant mitigation.
>
> Supporting facts: Petitioner presented significant mitigation for the court's consideration (App. 4-5 and App. 18-19.) The judge posed an overly harsh sentence, and trial counsel did not file a motion to reconsider the sentence as she should have.

ECF No. 1.

      B.   Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including

7

those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C. Habeas Corpus Standard of Review

1. Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application

of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

  2. Procedural Bar

  Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id*. The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

  a. Exhaustion

  Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

  (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

    (A) the applicant has exhausted the remedies available in the courts of the State; or

(B) (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007). Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Id.* Strict

time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

      b. Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief failed to raise an issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceeding, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which

could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

*Smith,* 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)); *see also Engle v. Isaac*, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, the federal court may consider the claim. *See Smith*, 477 U.S. at 533 (quoting *Wainwright*, 433 U.S. at 84). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, federal courts generally decline to hear the claim. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986).

c. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering

the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. *Evatt*, 105 F.3d 907 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990).

          d.    Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. *Coleman,* 501 U.S. at 750; *Gary v. Netherland*, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocence.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999) (quoting *Murray,* 477 U.S. at 488). Generally, a petitioner must show some error to establish prejudice. *Tucker v. Catoe*, 221 F.3d 600, 615 (4th Cir.), cert. denied, 531 U.S. 1054 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocence" is not an independent claim, but only a method of excusing default. *O'Dell v. Netherland*, 95 F.3d 1214, 1246 (4th Cir. 1996), aff'd, 521 U.S. 151 (1997). To prevail

under this theory, a petitioner must produce new evidence not available at trial to establish his actual innocence. *Royal v. Taylor*, 188 F.3d 239, 244 (4th Cir. 1999). A petitioner may establish actual innocence as to his guilt, *id.*, or his sentence. *Evatt*, 105 F.3d at 916.

    D. Analysis

        1. Procedurally Barred Grounds

Respondent argues that the two grounds Petitioner raised in his PCR Application are procedurally defaulted and not available for review on the merits. ECF No. 17 at 9-17. Respondent contends that although Petitioner's first ground concerning the trial court's acceptance of Petitioner's *Alford* plea was raised on direct appeal, this ground "was not preserved for appellate review by way of objection and argument during the plea." *Id.* at 9. Respondent also contends that Petitioner's second ground, trial counsel's failure to file a motion for reconsideration of Petitioner's 30-year sentence, was not raised to and ruled on by the PCR judge and therefore was not preserved as an issue for appellate review. *Id.* at 9-10.

Petitioner argues that the grounds in his PCR petition are not procedurally barred because this defense "has been waived by Respondent." ECF No. 20 at 2. Petitioner cites to *Harris v. Reed*, 489 U.S. 225 (1989) and *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997) and contends that Respondent did not file "responsive pleadings" during either state appellate proceeding and that "state procedural grounds not expressly relied upon by Respondent in state court, and not expressly ruled upon by the state appellate courts in denying relief cannot be relied upon in the first instance by Respondent in a 28 U.S.C. § 2254 action." *Id.* at 3.

Petitioner's argument is without merit. The "plain statement" rule announced in *Harris v. Reed* that "a procedural default does not bar consideration of a federal claim on . . . habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states

that its judgment rests on a state procedural bar" does not apply to Petitioner's claims. 489 U.S. at 263. In *Coleman v. Thompson*, the Court explained that the *Harris* presumption should only be applied if "it fairly appears that a state court judgment rested primarily on federal law or was interwoven with federal law, that is, in those cases where a federal court has good reason to question whether there is an independent and adequate state ground for the decision." 501 U.S. 722, 739-40 (1991). The undersigned has reviewed the state court opinions denying Petitioner's direct and PCR appeals, and notes that these two opinions do not discuss primarily any federal law and apparently base their denial of relief on state procedural grounds. As such, the undersigned has no reason to question the state appellate court's holdings or to apply *Harris*.

The undersigned finds that Grounds One and Two of Petitioner's § 2254 petition are procedurally barred from federal habeas review because none of the issues raised in these grounds was properly preserved and presented in either Petitioner's direct or PCR appeals. Turning to Ground One and Petitioner's claim that the trial judge committed error in accepting his *Alford* plea, a review of the evidence before the court shows that Petitioner's trial counsel did not object to Petitioner's *Alford* plea, and therefore this issue was not preserved for appeal and cannot be brought forward now. "[A]n issue may not be raised for the first time on appeal; to preserve an issue for appeal, it must be raised to and ruled upon by the trial court, that is, the trial court must be given an opportunity to resolve the issue before it is presented to the appellate court." *Jenkins v. Bodison*, No. 4:09-cv-0267-GRA, 2010 WL 1073983, *1 (D.S.C. Mar. 18, 2010) (citations omitted). As to Ground Two, Petitioner's claim that his PCR counsel was ineffective for not filing a motion to reconsider his sentence, the undersigned finds that this ground is also procedurally barred. A review of Petitioner's PCR application and the PCR court's Order of Dismissal reveals that this issue was not raised before the PCR court and/or not

ruled on by the PCR court. Therefore, this issue is procedurally barred from federal habeas review. *See Plyler v. State*, 424 S.E.2d 477, 478 (S.C. 1992) (holding that an issue that was neither raised at the PCR hearing nor ruled upon by the PCR court is procedurally barred); *Coleman*, 501 U.S. at 740 (noting *Harris* rule is inapplicable when Petitioner failed to exhaust state remedies and would now be barred from raising issue in state court). Accordingly, Petitioner has bypassed his state remedies and, as such, is procedurally barred from raising these issues in his federal habeas petition.

2. Petitioner Has Not Overcome the Procedural Bar

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

The existence of cause ordinarily turns upon a showing of: 1) a denial of effective assistance of counsel, 2) a factor external to the defense which impeded compliance with the state procedural rule, or 3) the novelty of the claim. *Murray*, 477 U.S. at 488. Having reviewed the record evidence and the parties' legal memoranda, the undersigned finds that Petitioner has not shown sufficient cause and prejudice to excuse the default of the above-referenced claims. Thus, these issues are procedurally barred from consideration by this court and should be dismissed. *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir.), cert. denied, 519 U.S. 1016 (1996) (In order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different).

Petitioner has also failed to demonstrate that he is actually innocent of the crimes for which he was convicted, such "that failure to consider the claims will result in a fundamental miscarriage of justice." *Clagett v. Angelone*, 209 F.3d 370, 379 (4th Cir. 2000) (citing *Coleman*, 501 U.S. at 750)); *see also Weeks v. Angelone*, 176 F.3d 249, 269. The claim of actual innocence must be supported "with new reliable evidence," and "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). Petitioner does not make a claim of actual innocence and has not offered new evidence to suggest that he is actually innocent. It is therefore recommended that the Respondent's motion for summary judgment be granted.

3. Merits[4]

In support of Ground One in his habeas petition, Petitioner argues that "[t]he trial judge erred when accepting plea under Alford when State did not have 'strong evidence against defendant.'" ECF No. 1. Petitioner alleges that the "Assistant Solicitor expressed serious concerns over the quality of their evidence" and with these concerns, the "State did not have 'strong evidence', and the case is not applicable to meet the standards of Alford." *Id.* at 5. Respondent contends that this argument must fail because a review of the solicitor's recitation of facts during Petitioner's plea hearing reveals that the solicitor never stated that the evidence was weak. ECF No. 17 at 11-13. Respondent further argues that Petitioner "acknowledged the State's case" and also "acknowledged that by pleading guilty, he was giving up his right to 'challenge all the facts and evidence' the State would present against him." *Id.* at 17.

---

[4] In *Kornahrens v. Evatt*, 66 F.3d 1350, 1364 (4th Cir. 1995), the Fourth Circuit stated that once a claim is determined to be procedurally barred, the court should not consider the issue on the merits. Out of considerations of efficiency, due to the uncertainty whether the district court will agree with the undersigned's procedurally barred analysis, a merits analysis is included.

The Fourth Circuit has stated "there is no constitutional requirement that a state court establish a factual basis for a guilty plea before entering judgment on the plea." *Edwards v. Garrison*, 529 F.2d 1374, 1376 (4th Cir. 1975). Other circuits have similarly held that "the due process clause does not impose a constitutional duty on state trial judges to ascertain a factual basis before accepting a plea of guilty . . . that is not accompanied by a claim of innocence." *See Matthew v. Johnson*, 201 F.3d 353, 368 (5th Cir. 2000) (citing decisions, *inter alia*, from Seventh, Eighth and Eleventh Circuits); *Meyers v. Gillis*, 93 F.3d 1147, 1151-52 (3d Cir. 1996) (following rulings, *inter alia*, from Second, Sixth, and Ninth Circuits). As noted above the Petitioner has not asserted a claim of actual innocence, accordingly, the undersigned finds that Petitioner's Ground One does not implicate a federal constitutional violation and recommends that summary judgment be granted as to this claim.[5]

In support of Ground Two in his habeas petition, Petitioner contends that his trial counsel was ineffective when he failed "to file a motion to reconsider Petitioner's negotiated 30 year sentence when that sentence failed to take into account petitioner's significant mitigation." ECF No. 1 at 6. Respondent moves for summary judgment on this claim, arguing that Petitioner knowingly pled guilty "and gave up his right to contest the case and present a defense, and, specifically, in an effort to secure a reduced sentence of thirty (30) years where the State could seek life without the possibility of parole." ECF No. 17 at 15-16.

---

[5] To the extent Petitioner's Ground One is construed as a challenge to the voluntariness of his plea, the undersigned has reviewed the record and finds that the negotiated plea was explained to Petitioner including the facts supporting the State's case against Petitioner, the rights Petitioner was waiving, and the potential sentence he was facing. App. 5-22, 27-30.

The Sixth Amendment to the Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1985).

Ineffective assistance of counsel claims, when the petitioner has entered a plea of guilty, may be asserted in limited circumstances. "If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" *Tollett v. Henderson*, 411 U.S. 258, 266 (1973) (quoting *McMann*, 397 U.S. at 771). For a petitioner who pleads guilty, the prejudice prong of the *Strickland* test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Based on the guilty plea transcripts and trial counsel's testimony during the PCR hearing, the undersigned finds that Petitioner understood the consequences of his *Alford* plea, the facts offered by the State in support of its case, the waiver of his constitutional rights, and the possible sentences if Petitioner was found guilty. App. 1-30. Petitioner has not offered any evidence that establishes that his trial counsel's representation was deficient or that there was a reasonable probability that Petitioner would not have pled guilty but for his counsel's errors. Therefore, it is recommended that Respondent's motion for summary judgment be granted as to Ground Two.

## IV. Conclusion

For the foregoing reasons, the court recommends that Respondent's motion for summary judgment, ECF No. 16, be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

November 16, 2012  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**